IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD STEWART, 32629037         :
                                 : CIVIL ACTION NO. WDQ-06-2098
   v.                            :
                                 :
UNITED STATES OF AMERICA         :
                                 :

..oOo..

**MEMORANDUM**

Pending is a pro se petition filed by Ronald Stewart, a federal prisoner incarcerated at FCI- Allenwood, Pennsylvania requesting reconsideration of his payment of court-ordered fines and restitution.[1]   The petition will be dismissed without prejudice.

In this pleading, Stewart is essentially challenging the manner by which his sentence is being executed.  As such, it is appropriately considered pursuant to 28 U.S.C. §2241. *See e.g. United States v. Miller,* 871 F.2d 488, 490 (4th Cir.1989); *Hernandez v. Campbell*, 204 F.3d 861, 864 (7th Cir. 2000) (noting that petitions brought pursuant to 28 U.S.C. §2241 challenge the manner, location or conditions of the execution of a sentence); *Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir.1998); *see also Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling it is the subject matter of the motion and not petitioner's label which determines the status of the pleading).

Courts may grant a writ of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a).  This means that in a § 2241 action, the petition must be filed in the district court of the district where petitioner is in custody.  *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500

---

[1] On June 16, 2005, this Court sentenced Stewart to a total of 210 months incarceration, a $200.00 assessment and $6,516.00 in restitution after he pleaded guilty to bank robbery and use of a firearm.  *See United States v. Stewart, et al.* Criminal Action No. WDQ-04-376 (D. Md.). Presumably, Stewart disputes payments made through the Bureau of Prisons' Inmate Financial Responsibility Program (IFRP).

(1973). Petitioner is in the custody the Warden of FCI-Allenwood which is located within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. Accordingly, this matter will be dismissed without prejudice.[2]  A separate order follows.


August 21, 2006                                              /s/
 Date                                                 William D. Quarles, Jr.
                                                      United States District Judge

---

[2]   Further, a federal prisoner must exhaust his administrative remedies before petitioning for writ of habeas corpus pursuant to §2241 in federal district court.  *See e.g. Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3rd Cir.1996); *Martinez v. Roberts*, 804 F.2d 570 (9th Cir. 1996).  In this pleading, Petitioner does not state whether he has exhausted or attempted to exhaust available administrative remedies.

2